# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-0026-GW-MAAx | Date | March 11, 2020 |
| Title | *Emperor Entertainment, Inc., et al. v. Defyne Holdings, LLC, et al.* | | |

Present: The Honorable    GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER REMANDING ACTION TO STATE COURT**

    The Court has reviewed the Response to Court's Order to Show Cause re Subject Matter Jurisdiction (Docket No. 18) and First Amended Notice of Removal of Civil Action Under 28 U.S.C. §§ 1441(b) and 1446 (Docket No. 17) defendant Defyne Holdings, LLC ("Defyne") filed in this action on February 28, 2020. Those filings make clear that Defyne – the party that removed this action to this Court from Los Angeles County Superior Court – does not have a basis for stating the identities or citizenships of the members of its co-defendant, Kash Capital, LLC ("Kash"). That the plaintiffs in this action may not have served Kash with the Summons and Complaint yet is irrelevant, as diversity is measured by all parties named in the action, not just those already-served at the time of removal. *See Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 78-79 (9th Cir. 1979); *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998); *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981); *Hughes v. Too Faced Cosmetics, LLC*, No. 8:19-cv-01320-JLS-JDE, 2019 WL 4750118, *3 (C.D. Cal. Sept. 30, 2019). In addition, that clearly-deficient jurisdictional allegations did not give rise to a jurisdictional challenge before another district court does not make those allegations sufficient under controlling Ninth Circuit law.

    Given this informational gap, this case was not removable at the time of removal, and remains outside of this Court's jurisdiction presently. The Court will not adopt Defyne's suggestions that the Court "either (a) order that Kash . . . (and any other unserved defendant) be dismissed based on Plaintiffs' failure to serve Kash . . . or prosecute their case, or (b) order Plaintiffs to serve Kash . . . (and any other unserved defendant) within 14 days after entry of an appropriate order." Docket No. 18, at 2:21-27. It lacks the power to issue any such order because it lacks subject matter jurisdiction over the action (though courts occasionally dismiss non-diverse non-indispensable defendants *post-judgment* in an effort to preserve the judgment).

:

Initials of Preparer  JG

**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-0026-GW-MAAx | Date | March 11, 2020 |
|---|---|---|---|
| Title | *Emperor Entertainment, Inc., et al. v. Defyne Holdings, LLC, et al.* | | |

    Defyne bore the burden of establishing the Court's subject matter jurisdiction and it lacks the ability to meet that burden at this time. As such, the Court remands the matter back to the Los Angeles County Superior Court due to this Court's lack of subject matter jurisdiction.

 

: _____

Initials of Preparer    JG